23-1165-cv (L)
*Carroll v. United States*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of December, two thousand twenty-four.

Present:

      ROBERT D. SACK,
      WILLIAM J. NARDINI,
      EUNICE C. LEE,
          *Circuit Judges*.

_____

ROBERT CARROLL,

      *Plaintiff-Appellant,*

      v.                                23-1165 (L), 23-7960 (Con)

UNITED STATES OF AMERICA, on behalf of the Department of Veterans Affairs at the Stratton Veterans Hospital, Albany, NY,

      *Defendant-Appellee.*

_____

| | |
|---|---|
| For Plaintiff-Appellant: | ROBERT B. CARROLL, *pro se*, Connelly, NY |
| For Defendant-Appellee: | KAREN FOLSTER LESPERANCE, Assistant United States Attorney, of Counsel, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Albany, NY |

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment is **AFFIRMED**.

Plaintiff-Appellant Robert Carroll appeals from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *District Judge*), entered on June 13, 2023, in favor of the United States. Carroll brought this *pro se* lawsuit under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, alleging negligence, medical malpractice, and vicarious liability by the Department of Veterans Affairs at the Stratton Veterans Hospital. In an order dated July 27, 2020, the district court dismissed the complaint in part pursuant to Federal Rule of Civil Procedure 12(b)(6), determining that Carroll's claims based on a 2014 administrative complaint to the Department of Veterans Affairs were untimely and not tolled by the continuous treatment doctrine. *See Carroll v. United States*, No. 1:19-CV-1230 (GTS/DJS), 2020 WL 4284130, at *6–8 (N.D.N.Y. July 27, 2020). The court later granted summary judgment for the Government on the remaining claims, determining that Carroll failed to establish a *prima facie* case of medical malpractice under New York law, in large part because he failed to present expert testimony to support his claim. *See Carroll v. United States*, No. 1:19-CV-1230 (GTS/DJS), 2023 WL 3981420, at *5–8 (N.D.N.Y. June 13, 2023). The court also denied Carroll's request for a 90-day extension to obtain an expert. *Id.* at *7. We assume the parties' familiarity with the case.

## I. Dismissal Decision

We review *de novo* an order granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).[1] A complaint survives a motion to dismiss if it pleads facts that, taken as true and with all reasonable

---

[1] Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

inferences drawn in the plaintiff's favor, state a plausible claim to relief. *Id.*

Carroll's suit arising from his 2014 administrative claim was untimely and not tolled by the continuous treatment doctrine. An FTCA claimant must file suit within six months after the mailing of the agency's denial of the claim. 28 U.S.C. § 2401(b). Carroll did not file his complaint in federal court until more than four years after denial of his 2014 administrative claim, making his complaint untimely as to that claim. And Carroll does not explain how the continuous treatment doctrine, which defers the running of the limitations period until the end of treatment, *see Williamson ex rel. Lipper Convertibles, L.P. v. PricewaterhouseCoopers LLP*, 9 N.Y.3d 1, 8 (2007), would apply to a delay in filing a federal claim after an administrative complaint has been denied. For these reasons, we conclude that the district court properly dismissed Carroll's claims arising from his 2014 administrative complaint as time-barred and not subject to tolling.

## II.    Summary Judgment Decision

We review a district court's grant of summary judgment *de novo*, construing facts in the light most favorable to the non-moving party and resolving ambiguities and drawing all reasonable inferences against the moving party. *Kee v. City of New York*, 12 F.4th 150, 157–58 (2d Cir. 2021). Summary judgment must be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

Carroll's FTCA medical malpractice claim is evaluated under the law of New York. *See Corley v. United States*, 11 F.4th 79, 84–85 (2d Cir. 2021) (citing, *inter alia*, 28 U.S.C. § 1346(b)(1)). Under New York law, "except as to matters within the ordinary experience and knowledge of laymen, in a medical malpractice action, expert medical opinion evidence is required

3

to demonstrate merit." *Fiore v. Galang*, 64 N.Y.2d 999, 1001 (1985); *see also Einaugler v. Sup. Ct. of State of N.Y.*, 109 F.3d 836, 841 (2d Cir. 1997) (acknowledging "nearly one hundred years of New York cases" requiring expert evidence in civil tort actions for medical malpractice).

Carroll did not provide the testimony or opinion of a medical expert. Instead, he claimed that the situation spoke for itself and indicated his intent to rely on the rule of *McDermott v. Manhattan Eye, Ear & Throat Hosp.*, 15 N.Y.2d 20, 27–30 (1964), by eliciting expert testimony from the Government's witnesses at trial.

We agree with the district court that Carroll's medical malpractice claim is not within the ordinary experience and knowledge of a layperson. For instance, he contends that it was not relevant whether he could distinguish between pain in his lower thoracic spine versus his upper lumbar spine, because it was a neurologist's responsibility to differentiate these sources "given a report of T12 pathology in the 2012 lumbar MRI" and his continual reports of pain above the lumbar region. He also recounted his medical history with various hospitals dating back to 1991, and claims that the hospital staff at Stratton Veterans Hospital failed to consider diagnoses of thoraco-lumbar stenosis, synovial cysts, and radiculopathy while attributing his chronic symptoms to cervical myelopathy. An average layperson would not be able to understand the issues in this case, or the mistakes allegedly made by Carroll's physicians, without the help of a medical expert.

Carroll's reliance on *McDermott* is misplaced. Carroll's ability to cross-examine the Government's witnesses at trial does not mean he has met his evidentiary burden at summary judgment. Instead of providing favorable medical expert testimony, he provided only an unsupported promise of future evidence, which was simply not enough to show that a genuine dispute of material fact existed.

For these reasons, we conclude that the district court properly granted summary judgment for the Government.

Finally, the district court did not abuse its discretion in declining to grant Carroll an extension to obtain expert testimony under Federal Rule of Civil Procedure 56(d), *see Cox v. Dep't of Just.*, 111 F.4th 198, 213 (2d Cir. 2024), because he did not adequately support his request with details about his prior efforts to obtain expert testimony, *see Elliott v. Cartagena*, 84 F.4th 481, 493 (2d Cir. 2023).

*       *       *

We have considered Carroll's remaining arguments and find them unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk